**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAMEELAH VICKERS,<br>Plaintiff,<br>v.<br>ALAN M. FLORIA, *et al.*,<br>Defendants. | Civil Action No. 26-3497 (MAS) (RLS)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon *pro se* Plaintiff Kameelah Vickers's ("Plaintiff") civil complaint (ECF No. 1) and most recent application to proceed *in forma pauperis* (ECF No. 5). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed without prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff filed the Complaint on April 1, 2026. (*See generally* Compl., ECF No. 1.) Plaintiff asserts claims against Defendants Alan M. Floria, Daniela Soares, Gary Cucchiara, Michael Schneck, Joseph A. Rutigliano, and Peter J. Zipp (collectively, "Defendants") arising from Defendants' involvement in the matter of the Estate of George D. Whittaker (the "Estate"). (*See*

*id.* at *1-5[1].) Plaintiff alleges three injuries relating to the Estate: (1) "[a]sset looting that resulted in the fraudulent transfer of [the Estate's] assets [and] bank accounts[] to third parties" ("Count One"); (2) "[f]raudulent depletion of [the Estate's] assets [including] embezzlement [and] theft of intellectual propert[y]" ("Count Two"); and (3) "[i]nheritance reduction [by] coercing the deceased through extortion or fraud" ("Count Three"). (*Id.* at *9.)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

While *pro se* pleadings are to be liberally construed, in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

Having granted Plaintiff *in forma pauperis* status, the Court begins with its independent obligation to satisfy itself of its subject matter jurisdiction. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("[A] federal court always has jurisdiction to determine

---

[1] Page numbers that are preceded by an asterisk refer to the page numbers atop the ECF header.

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

its [own] jurisdiction." (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)); *Liberty Mut. Ins. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction. . . ." (citation omitted)).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) (citations omitted). As such, the Court "is required to raise issues of standing *sua sponte* if such issues exist." *Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001) (emphasis added); *see also Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (explaining that "standing is a jurisdictional matter").

Under Article III, a plaintiff has standing if she has: "(1) suffered an injury in fact[;] (2) that is fairly traceable to the challenged conduct of the defendant[;] and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The "injury in fact" inquiry is often determinative of standing. *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 205 (3d Cir. 2021) ("The purpose of the injury-in-fact requirement is 'to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem." (citation omitted)). "The requirements for an injury-in-fact are well established: a plaintiff must show that they suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *In re Plum Baby Food Litig.*, 637 F. Supp. 3d 210, 223 (D.N.J. 2022) (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized' it 'must affect the plaintiff in a personal and individualized way.'" *Spokeo*, 578 U.S. at 339 (citation omitted).

Here, Plaintiff fails to adequately allege an injury-in-fact. Plaintiff's Complaint alleges three injuries that all relate to the Estate. Plaintiff, however, does not allege any relationship to the Estate. Specifically, the Complaint does not sufficiently allege that Plaintiff: (1) has any interest in the Estate; or (2) has a relationship to the decedent, George D. Whittaker. (*See generally* Compl.) Without this information, the Court cannot determine whether Plaintiff was affected in a "personal and individualized way." *Spokeo*, 578 U.S. at 339 (citation omitted). Because Plaintiff has not adequately pleaded an "injury-in-fact," the Court must dismiss the Complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. CONCLUSION

For the forgoing reasons, the Court grants Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) but dismisses Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction (*see generally* Compl.). The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 10/26/26